Joseph Sloneem, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued March 5, 1981, before Judges MENCER, MACPHAIL and PALLADINO, sitting as a panel of three.

*George R. Price, Jr.,* for petitioner.

*Catherine Stewart,* Assistant Attorney General, for respondent.

OPINION BY JUDGE MENCER, June 2, 1981:

Joseph Sloneem (petitioner) appeals from that portion of an order of the Department of Public Welfare (DPW) which affirmed the termination of his assistance grant by the Columbia County Board of Assistance (CBA).

Petitioner received benefits under the Aid to Families with Dependent Children Program (AFDC). As a condition of continued eligibility, he was required to register with the Office of Employment Security (OES). In December 1979, the OES notified the CBA that Comprehensive Employment Training Act (CETA) jobs had become available and requested that employable clients be referred to its office. On December 7, the CBA advised petitioner's wife by telephone and confirmed in writing that petitioner must apply at OES for the CETA job and verify his application by December 14, 1979. When petitioner failed to report to OES for the job, the CBA issued an advance notice to petitioner proposing to discontinue AFDC benefits. After a hearing by the DPW, petitioner's benefits were terminated, and this appeal followed.

Petitioner first argues that the CBA lacked the authority under DPW regulations to refer him to employment, since this power is vested exclusively in the OES. We disagree. The applicable regulation, found at 55 Pa. Code §165.23(e)(2), provides, in pertinent part, as follows:

> Any nonexempt person, who willfully and without good cause . . . , fails or refuses to accept *bona fide* work or training in which the person is able to engage, or fails or refuses to accept referral to and participate in a vocational rehabilitation or training program, or refuses to accept referral to and work in employment in which he is able to engage, provided such em-

ployment conforms to the standards established for a *bona fide* offer of employment in the Pennsylvania Employables Program, will not be eligible for assistance for at least 30 days.

This regulation clearly does not designate an agency from which offers or referrals must emanate; the sole restriction is that the employment must conform to the standards set forth in the Pennsylvania Employables Program. Section 405.1 of the Public Welfare Code, Act of June 13, 1967, P.L. 31, *as amended,* added by Section 3 of the Act of July 9, 1976, P.L. 993 (effective September 7, 1976), 62 P.S. §405.1.[1]

Petitioner next argues that the DPW regulations do not comply with the federal requirements for a state plan set forth in the Public Health and Welfare Act (Act), 42 U.S.C. §201 *et seq.,* since Section 602 (a)(19)(F) permits a state to impose sanctions only where an individual has "refused without good cause to accept employment in which he is able to engage which is offered through the public employment offices of the State, or is otherwise offered by an em-

---

[1] Section 405.1 provides, in pertinent part:

In order to be a bona fide offer of employment, there must be reasonable assurances that:

(1) Appropriate standards for the health, safety, minimum wage and other conditions applicable to the performance of work and training in the employment are established and will be maintained.

(2) The offer of employment will not result in any displacement of employed workers.

(3) With respect to such employment, the conditions of work, training, education, and employment are reasonable in the light of such factors as the type of work, geographical region, and a proficiency of the participant.

(4) The employment is not available due to labor dispute, strike or lock-out.

There is little doubt that the employment offered to petitioner conforms to these standards.

ployer if the offer of such employer is determined, after notification by him, to be a bona fide offer of employment.'' While we initially agree with the petitioner that the CBA cannot properly be termed a "public employment office," his argument must nevertheless fail since the employment was "offered through" a public employment office of the State, *i.e.*, the OES, with the CBA acting only as a conduit for the offer.[2] Even if we agreed that the employment was not "offered through the public employment offices of the State," the CBA could properly determine under the second part of Section 602(a)(19)(F) that an offer by the government for a CETA job is a "bona fide offer of employment."

Petitioner finally asserts that the CBA did not comply with the DPW regulation found at 55 Pa. Code §165.23(f)(2) which states: "If a person fails to accept or retain *bona fide* employment or training, the [CBA] must make a determination that the failure to accept or retain employment or training was with good cause.'' We are satisfied that this regulation does not impose a duty upon the CBA to initiate contact or hold a personal interview with the recipient before making a good-cause determination, and we are reluctant to infer such a requirement where the drafters of the regulation could easily have provided for one had they desired to do so. We reiterate that the DPW rejected this construction of Section 165.23(f)(2), and we must accord great weight to an agency's interpretation of its own regulation. *Orner v. Department of Public Welfare,* 44 Pa. Commonwealth Ct. 635, 404 A.2d 452 (1979).

---

[2] A CBA representative testified that this indirect procedure is necessary because the OES does not maintain a separate list of public assistance recipients, although these persons must be given preference for CETA jobs.

404

Accordingly, we enter the following

ORDER

AND Now, this 2nd day of June, 1981, the order of the Department of Public Welfare, dated February 28, 1980, removing Joseph Sloneem from an assistance grant, is affirmed.

Judge WILKINSON, JR., did not participate in the decision in this case.